costs and disbursements to all parties filing briefs payable out of the estate. Settle order. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ CORINNE C. WATERMAN, Appellant, v. HENRY KAUFMAN et al., Respondents, et al., Defendants.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ CORINNE C. WATERMAN, Appellant, v. HENRY KAUFMAN et al., Respondents, et al., Defendants.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ MARY CACCAVIELLO et al., Appellants, v. REALTY HOTELS, INC., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ MONTE J. ANSORGE, Appellant, v. RUTH SHTOKALKO, Also Known as MARIE BERNARD, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Valente, Stevens and Bergan, JJ.

■ MARJORIE COBBS, Appellant, v. FIFTH AVENUE COACH LINES, INC., et al., Respondents.— Order unanimously reversed, on the facts and in the exercise of discretion, with $20 costs and disbursements to the plaintiff-appellant, and the motion for preference granted. The record before us warranted the granting of a preference under subdivision 5 of rule V of the New York County Supreme Court Rules. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ MADISON CENTRAL CORPORATION, Respondent, v. HERBERT MCLEAN PURDY MANAGEMENT CORPORATION, Defendant-Appellant and Third-Party Plaintiff-Appellant. FRANCES M. PURDY et al., Individually and as Executrices of HERBERT PURDY, Deceased, Third-Party Defendants-Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ In the Matter of the Estate of JUAN QUEVEDO, Deceased. JULIA G. QUEVEDO; HILDA Q. RIVERA et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellant files the undertaking required by section 298 of the Surrogate's Court Act within 20 days after entry of the order herein, and procures the record on appeal and appellant's points to be served and filed on or before April 26, 1960, with notice of argument for the June 1960 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ In the Matter of the Estate of JUAN QUEVEDO, Deceased. JULIA G. QUEVEDO; HILDA Q. RIVERA et al.— Motion granted insofar as to permit the appeal to be heard on the original record, without printing the same, and upon typewritten or mimeographed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points upon the attorney for respondents and files 6 typewritten or 19 mimeographed copies of appellant's points, together with the original record, with this court on or before April 26, 1960, with notice of argument for the June 1960 Term of this court, said appeal to be argued or submitted when reached. In all other respects, the motion is denied. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ WILLIAM BOTWINIK et al., v. LOUIS DLUGACZ et al.— Motion granted insofar as to permit the defendant's appeal to be heard on the record previously filed by the plaintiffs-appellants, together with a supplemental record containing a corrected statement under rule 234 of the Rules of Civil Practice, the defendant-appellant's notice of appeal and the defendant-appellant's answer, on condition that the defendant-appellant pays to the plaintiffs-appellants within 20 days